# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BOWSER and ANTHONY FREY, | : | 08-cv-847 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID BOGDANOVIC, JASON UMBERGER, DAVID RICCI, and SWATARA TOWNSHIP, | : | |
| | : | |
| Defendants. | : | Hon. John E. Jones III |

## **MEMORANDUM**

## April 9, 2010

Before the Court in this matter is Defendants Swatara Township, David Bogdanovic ("Bogdanovic"), Jason Umberger ("Umberger"), and David Ricci's ("Ricci") (collectively, "Defendants") Motion to Strike Plaintiffs Michael Bowser ("Bowser") and Anthony Frey's ("Frey") (collectively, "Plaintiffs") Amended Complaint ("the Motion"). (Doc. 51). In the alternative, Defendants move to dismiss Plaintiffs' Amended Complaint. The Court will grant the Motion in the manner detailed below and will dismiss the Amended Complaint (Doc. 50) in its entirety.

## I. STANDARDS OF REVIEW

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides:

> Upon motion made by a party before a responsive pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material.

Fed. R. Civ. P. 12(f).

### B. Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*,

3

550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint–the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated the instant action with the filing of a Complaint on May 6, 2008, asserting various federal constitutional claims against Defendants pursuant to 42 U.S.C. § 1983. (Doc. 1). Defendants filed a Motion to Dismiss (Doc. 5) that we granted in part and denied in part. (Doc. 15). On October 23, 2008, we granted Plaintiff Bowser leave to amend the complaint so as to properly allege a First Amendment retaliation claim. (Doc. 15). Plaintiffs eventually filed an Amended

Complaint on March 11, 2009. (Doc. 27). Defendants filed another Motion to Dismiss the Amended Complaint on March 25, 2009. (Doc. 28). A screening of the Amended Complaint revealed that Plaintiffs' counsel failed to comply with the Middle District of Pennsylvania Local Rule 15.1(2), which mandates that motions to amend a complaint must be accompanied by "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." M.D. Pa. L .R. 15.1(2). Plaintiffs appropriately re-filed the Amended Complaint on August 5, 2009. (Doc. 43). Defendants subsequently filed an addendum to their Motion on August 10, 2009.

The Court ultimately granted in part and denied in part Defendants' Motion to Dismiss the Amended Complaint. (Doc. 45). Specifically, the Court ordered that paragraphs 11, 13, 29, 30, 32-35, 47 (in part), 49, 52, 53, 55, and 60 be stricken from the Amended Complaint. We further directed Plaintiffs to file a revised Amended Complaint "which shall incorporate into consecutively numbered paragraphs those proposed amendments that were not stricken by virtue of this Memorandum and Order." (Doc. 45 pp. 16-17). We granted Plaintiffs leave to file a motion to supplement the allegations contained in paragraphs 32-35, 55, and 60 or waive any right to assert them in the future, and Plaintiffs did not avail

themselves of that opportunity. In granting Plaintiffs some leniency by allowing them to file an Amended Complaint, we strongly cautioned that "Plaintiffs shall not include any of the stricken allegations in the revised amended complaint" and noted that their "[f]ailure to abide by this dictate may result in the levying of sanctions for failure to comply with a Court Order." (Doc. 45 p. 17, n. 17).

Candidly, the Court was not surprised when Plaintiffs filed an Amended Complaint that did not comply with any of the dictates given by the Court.[1] In fact, the document Plaintiffs filed was the exact document they filed on August 5, 2009, which included all allegations that were stricken by the Court's Order on October 22, 2009. (Doc. 50). Therefore, Defendants filed the instant Motion on November 16, 2009, requesting that the Court strike the Amended Complaint because of Plaintiffs' disregard of a Court Order, or, alternatively, to dismiss the Amended Complaint. (Doc. 51). The Motion has been fully briefed (Docs. 52, 57), and is thus ripe for disposition.

The parties and the Court are familiar with the factual background of this case. Notably, Plaintiffs failed to assert any factual background in the Brief in Opposition to the Motion to Strike. Therefore, for the purposes of judicial economy and because Plaintiff does not seem to dispute the facts as stated, we will

---

[1] Except for retaining those paragraphs that were not stricken.

incorporate by reference the factual recitation contained in the Court's October 23, 2008 Memorandum and Order (Doc. 15). Irrespective of Plaintiffs' failure to provide any useful information, we note that, where appropriate, all of the facts and reasonable inferences drawn therefrom are viewed in the light most favorable to the Plaintiffs as the non-moving party in accordance with the standard of review.

## III. DISCUSSION

### A. Stricken and Dismissed Allegations and Claims

Because the Court already struck from the Amended Complaint the various paragraphs reasserted in this Amended Complaint, specifically, paragraphs 11, 13, 29, 30, 32-35, 47 (in part), 49, 52, 53, 55, and 60, we will not repeat the same analysis here. We note that, in Plaintiffs' three-page Brief in Opposition to the Motion to Strike (Doc. 57), Plaintiffs maintain they "so move the Court" but never specify to *what* they are so moving. (Doc. 57 p. 2). Candidly, the Court has extreme difficulty making sense of Plaintiffs' Brief in Opposition. Nonetheless, to be fair and even exceedingly generous, the Court will attempt to derive from that brief the most reasonable interpretations of Plaintiffs' "arguments"[2] and will therefore interpret the Brief in Opposition as requesting leave to, yet again, amend

---

[2]Although we must be cognizant of the fact that Plaintiffs did not actually respond to any of Defendants' allegations beyond asserting that the requested relief is harsh.

the Complaint.

Plaintiffs assert that they did "their best to comply" with the Court's October 22, 2009 Order, but because of attendant circumstances and because, according to Plaintiff, the entire process has been "bewildering" and the Court's Order was "very complicated", Plaintiffs were unable to comply with the Order. (Doc. 57 pp. 1-3). Plaintiffs further suggest that "Defendants' suggestion to strike the amended complaint is punitive and accomplishes nothing." (Doc. 57 p. 2).

Even assuming that the Court's Order was "complex" or, even, "bewildering", we find no reason why Plaintiffs counsel was not able to understand the very clear instructions given in the actual Order. To repeat, the Court ordered: "The Motion is **GRANTED** with respect to paragraphs 11, 13, 29, 30, 32-35, 47 (in part, as referenced above), 49, 52, 53, 55, and 60 of the amended complaint. These paragraphs shall be **STRICKEN** from the amended complaint." (Doc. 45 p. 16). If Plaintiffs thought, perhaps, that the Court was in error, then Plaintiffs could have timely filed a motion for reconsideration. They did not do so. We will not grant Plaintiffs leniency for blatantly disregarding, even under the threat of

sanctions,[3] an Order of the Court.[4] Those paragraphs remain stricken from the Complaint and the Court will not consider the assertions in evaluating whether the complaint should be dismissed for failure to state a claim. Nonetheless, although the entire Amended Complaint likely should be stricken because of Plaintiffs blatant violation of a Court Order, we will not strike the Amended Complaint as we find that it is more properly dismissed on its merits.

Furthermore, Plaintiff reasserts a Fourteenth Amendment claim that has not been dismissed only once, but rather has been dismissed *twice.* The Court will not waste its time advising Plaintiffs as to *why* these claims will be dismissed, but will direct them to the previous orders dismissing those claims. (Docs. 15, 45).[5]

---

[3]The Court ordered that "Plaintiffs shall not include any of the stricken allegations in the revised amended complaint. Failure to abide by this dictate may result in the levying of sanctions for failure to comply with a Court Order." (Doc. 45 p. 17). Despite Plaintiffs' protestations, this is a clear directive that is neither "bewildering" nor "very complicated."

[4]Further, Plaintiffs have filed three amended complaints thus far in this action and the Court has given them ample opportunities and extensive guidance to comply with this Court's Orders.

[5]The Court is unsure whether Plaintiffs are being obsequious or sarcastic when they assert that "[i]t obviously took a great deal of effort and time for the Court to study and compose [the October 22, 2009] Order." (Doc. 57 p. 1). Regardless of the intended sentiment, Plaintiffs are correct: the Court *did* take a great deal of effort and time to render the correct decisions in each of the October 23, 2008 and October 22, 2009 Orders and to ensure that our instructions to Plaintiffs were as clear as possible. The Court has been very patient with Plaintiffs, but Sisyphus it is not. Therefore, we will not waste judicial resources to repeat the same analysis here only to have Plaintiffs disregard the instructions they have been given numerous times.

### B. Remaining Allegations

Defendants assert that, if not entirely stricken, the remaining allegations should be dismissed for a failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. 51).

To prevail on a First Amendment retaliation claim, a plaintiff must make three showings: (1) the plaintiff engaged in protected activity, such as engaging in public speech,[6] (2) the defendants responded with "retaliation," (an adverse employment action), *see Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997) and (3) the protected activity was a substantial or motivating factor of the alleged retaliation. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). In addition to speaking on a matter of public concern, to recover the speaker must show he was speaking as a private citizen, and not pursuant to his official duties. *Garcetti v. Ceballos*, 547 U.S. 410 (2006). If a plaintiff can meet these threshold criteria, the burden then shifts to the defendant to demonstrate, by a preponderance of the evidence, that the action would have been taken in the absence of the protected activity. *Id.*

---

[6]An employee's speech involves a matter of public concern if it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Green v. Philadelphia Hous. Auth.*, 105 F.3d 882, 886) (3d Cir. 1997).

Defendants assert that, because Plaintiff Bowser alleges only a litany of "retaliatory actions" but no protected activity, the First Amendment retaliation claim must be dismissed. First, Defendants note that Plaintiff Bowser's request for light duty after surgery does not constitute protected activity because the request was a matter of personal concern and the request was not made in his capacity as a citizen, but rather was a private request. (Doc. 52 p. 13 (referencing Doc. 50 ¶ 22(a)-(i)). Further, Defendants allege that, even if Plaintiff Bowser's request constituted protected activity, the delay in granting his request for light duty does not constitute a retaliatory or adverse employment action. (Doc. 52 p. 14). Defendants also maintain that Plaintiff Bowser's allegation regarding the elimination as an Officer in Charge because he spoke to an officer who was suing the department privately also fails to establish retaliation because there is no public speech involved, and thus no protected activity. (Doc. 52 pp. 14-15 (referencing Doc. 50 ¶ 24)). Moreover, Defendants assert that Plaintiff Bowser's removal from a command post he set up at the prison during a bomb scare involved neither protected activity nor a retaliatory action because Plaintiff Bowser acted only in accord with his official duties and his removal was not an adverse employment action but, rather, reasonably inferred as proper operating procedure at the prison. (Doc. 52 p. 15 (referencing Doc. 50 ¶¶ 25-26)). Finally, Defendants maintain that

Defendants' denial of Plaintiff Bowser's opportunity to attend Field Training Officer School is not actionable because Plaintiff Bowser likewise alleges no protected activity, namely speech, that "occurred at any time prior and proximate to the alleged retaliation." (Doc. 52 p. 15- 16 (Doc. 50 ¶ 27)).

Related to Plaintiff Frey's allegations, Defendants maintain that Plaintiff Frey's "failure to consecutively plead properly added allegations in his 'revised amended complaint' makes it very difficult to discern any cogent timeline to any protected activity or alleged ensuing retaliation." (Doc. 52 p. 16). Defendants assert that Plaintiff Frey asserts no factual allegations of retaliatory conduct, but rather only recites the legal elements of a retaliation claim. (*Id.*). Defendants note that Plaintiff Frey alleges retaliation claims with respect to the following incidents of allegedly protected activity or retaliatory action: (1) Plaintiff Frey criticized the "quota" system in place and Defendants retaliated in September 2006; (2) Plaintiff Frey was forced to search the records related to a stop of an FBI agent in July 2006 (Doc. 50 ¶ 48); (3) Defendant Bogdanovic questioned Plaintiff Frey's supervisors on whether he knew how long the lunch period was (Doc. 50 ¶ 54); (4) Plaintiff Frey requested light duty and later experienced shift changes (Doc. 50 ¶ 46); (5) Plaintiff Frey was denied an interview for a detective position on October 23,

2007[7]. (Doc. 52 pp. 16-18).[8]

We note that, as a matter of course, the Court could dismiss Plaintiffs' claims because Plaintiffs failed to respond to the arguments for dismissal of those claims set forth in the Defendants' Brief in Support of the instant Motion.[9] Nonetheless, we will briefly address the Court's analysis of each Plaintiff's claims.

As noted above, in asserting a First Amendment retaliation claim, Plaintiffs are each required to make a showing that he engaged in a protected activity, that he suffered an adverse employment action, and the adverse employment action was causally connected to the retaliation. Here, Plaintiff Bowser is alleging that he engaged in a protected activity by asking Deputy Chief Umberger "whether the

---

[7]Defendants fail to mention that Plaintiffs also allege that Frey was denied a detective position on September 19, 2006. (Doc. 50 ¶ 47).

[8]Defendants also fail to include Plaintiffs' allegations regarding a reprimand Frey received (Doc. 50 ¶ 51) and being required to leave the lab at certain times (Doc. 50 ¶ 58).

[9]We tend to agree with one of our colleagues in the Eastern District of Pennsylvania, who has held that when the moving party argues that summary judgment should be granted in its favor regarding a certain claim, the non-movant abandons that claim by failing to address it in his response to the motion for summary judgment. *Seals v. City of Lancaster*, 553 F. Supp. 2d 427, 432-33 (E.D. Pa. 2008) (Golden, J.) (citing *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003) (deeming plaintiff's malicious prosecution claim waived for failing to respond todefendant's arguments in summary judgment motion); *Hackett v. Cmty.Behavioral Health*, 2005 WL 1084621 (E.D. Pa. 2005) (failure to address claims waives opportunity to contest summary judgment on that ground)). Hence, we previously held in the case *sub judice* that in circumstances such as this, the court need not address the merits of Defendants' arguments in the instant motion and the motion can be granted as unopposed. While we are not disposing of a motion for summary judgment, we found this logic to be equally compelling as applied to the instant matter in the October 23, 2008 Order (Doc. 15), the October 22, 2009 Order (Doc. 45) and again find it to be apt here.

13

computer system 'would be up and running again'." (Doc. 50 ¶ 10). Bowser then asserts the litany of retaliatory actions detailed above. Even assuming, arguendo, that Plaintiff Bowser's question could be construed as a "protected activity",[10] we find that he has alleged no facts to support any causal connection between that activity and the adverse employment actions he has alleged.

Plaintiff Frey alleges that he engaged in the protected activity of criticizing the "quota" system used by Swatara Township. (*See* Doc. 50 ¶ 41). He too asserts a litany of retaliatory actions by Defendants, detailed above. However, even assuming that Plaintiff Frey can establish those two prongs, he still asserts no facts to demonstrate a causal connection between the "protected" activity and the adverse employment actions taken. As such, Plaintiff Frey cannot demonstrate any plausible First Amendment retaliation claim.

To repeat, a district court must identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129

---

[10]We note that Plaintiff Bowser's "speech" is not protected activity because, even if it can be construed as a matter of public concern, the fact that he asked the question to a supervisor while at work demonstrates that he was not speaking as a "private citizen" on that matter; rather, it demonstrates a concern regarding the functionality of the systems with which he performs his official duties.

S.Ct. at 1950. Excising all of Plaintiffs' bald assertions and legal conclusions, we find that the Amended Complaint does not allege any, let alone sufficient, facts to support a claim for retaliation under the First Amendment. As such, will dismiss the Amended Complaint in its entirety.[11]

## IV. CONCLUSION

The Court is well aware that when addressing a motion to dismiss in civil rights actions, a district court must grant a plaintiff leave to amend "irrespective of whether it is requested ... unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contrs., Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Nonetheless, Plaintiffs have amended the complaint three times in this action. As the Third Circuit has recently noted, "allowing [Plaintiff] a fourth bite at the apple would be futile." *Mann v. Brenner, et al.*, 2010 U.S. App. LEXIS 6540, *19-20 n. 9 (3d Cir. March 31, 2010) (non-precedential opinion).[12] The Court is convinced

---

[11]Defendants further assert that Plaintiffs cannot maintain a cause of action against Defendant Ricci. According to Defendants, Plaintiffs make only "one conclusory allegation against Ricci; there are no factual allegations whatsoever alleged against him." (Doc. 52 p. 19). We need not, however, address Defendants' arguments as we will dismiss the Amended Complaint in its entirety and close the case.

[12]We strongly suggest that Plaintiffs' counsel, as an alternative to lobbing *ad hominem* criticisms at this member of the Court and our colleagues for being too quick on the trigger, devote his time to more worthwhile endeavors. A good start might be a study of the pleading standards as set forth in *Iqbal*, for these standards are expressly contrary to the methodology utilized by Plaintiffs' counsel. In dismissing this case we are following *Iqbal* to the letter, and will not countenance yet another case from Plaintiffs' counsel that presents us with myriad, jumbled facts in search of a cause of action to attach to them.

that there are few greater exercises in futility than granting Plaintiffs a "fifth bite at the apple." As such, and because of the reasons articulated above, we will dismiss the Amended Complaint in its entirety. An appropriate Order shall enter.